# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MIGUEL J. RODRIGUEZ, ) | CASE NO. 3:11-cv-398 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |

Before the Court is the motion of Defendant, the Commissioner of Social Security ("the Commissioner") for reconsideration of this Court's July 16, 2012, Memorandum Opinion and Order granting in part Plaintiff's application for an award of attorney's fees, expenses, and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. No. 30.)  Plaintiff, Miguel J. Rodriguez ("Plaintiff"), opposes and seeks an additional award of attorney's fees under EAJA for 6.25 hours of services rendered by counsel preparing the opposition.  (Doc. No. 32.)  For the following reasons, the Commissioner's motion for reconsideration is DENIED and Plaintiff's additional request for an award of attorney's fees is DENIED.

**I.**

The procedural history of this case is fully set forth in this Court's Memorandum Opinion and Order dated July 16, 2012.  (Doc. No. 29.)  On June 28, 2012, the Court ordered Plaintiff to file a supplemental EAJA application with additional evidentiary support for his initial EAJA application and directed the Commissioner to file any response within seven days.  (Doc. No. 27.)  Plaintiff filed his supplement on July 5, 2012 (Doc. No. 28); accordingly, the Commissioner was required to file any response to the supplement by July 12, 2012.  The Commissioner failed to do so.  Four days later, on July 16, 2012, the Court granted in part and denied in part Plaintiff's EAJA application and awarded Plaintiff a total of $7,610.69 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.  *Rodriguez v. Comm'r of Soc. Sec.*, No. 3:11-cv-398, slip op. at 13 (N.D. Ohio July 16, 2012) (Doc. No. 29).  The Court found the total award reasonable and appropriate under the circumstances of the case.  *Id.* at 12.

On Wednesday, July 18, 2012, the Commissioner filed his motion for reconsideration.  (Doc. No. 30.)  The Commissioner explains that "counsel erroneously calendared the due date for [the] response to Plaintiff's Supplement . . . based upon [the] 14-day standard response time under the Local Rules, instead of the 7-day deadline set forth in [the] Court's order."  (Def.'s Mot. Recons. 1.)  The Commissioner continues that counsel "misread [the] Court's . . . Order[] and inadvertently calendared the due date as July 19, 2012," and that "counsel was unaware of this mistake until the Court issued its Order on July 16, as . . . counsel was out of the office on vacation from

2

July 9, 2012 until July 16, 2012." (Def.'s Mot. Recons. 1.)

The Commissioner attached to his motion the affidavit of Ms. Marsha A. Treacey, a "Paralegal Assistant" in the Office of the United States Attorney for the Northern District of Ohio, who avers that she "misread the Court's order[] and did not record the 7 day deadline," and "inadvertently recorded the due date as July 20, 2012." (Marsha A. Treacey Aff. ¶ 2-3, Doc. No. 30-1.) Ms. Treacey further avers that her "increasing caseload, in which more than 450 cases are currently pending, contributed to her mistake," as she "receive[s] between 75-100 emails per day, which include ECF notifications and correspondence relating to routine responsibilities." (Treacey Aff. ¶ 4.)

The Commissioner also attached to his motion his response to Plaintiff's supplemental EAJA application; and he requests that the Court "reconsider its Memorandum Opinion and Order and consider the arguments set forth in the attached . . . brief." (Def.'s Mot. Recons. 2.)

On July 23, 2012, Plaintiff filed an objection to the Commissioner's motion for reconsideration and requested an additional award of attorney's fees under EAJA for 6.25 hours of services rendered by counsel preparing the opposition. (Doc. No. 32.)

**II.**

Motions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Although a court can always take a second look at a prior decision, it need not and should not do so in the vast majority of instances—especially when such motions merely restyle or

3

re-hash the initial issues. *Id.*

Here, the Commissioner cites no legal authority and provides no legal argument in support of his motion for reconsideration; however, although motions for reconsideration are not mentioned in the Federal Rules of Civil Procedure, they are often treated as motions to alter or amend judgment under Rule 59(e).[1] *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Courts have discretion in ruling upon motions under Rule 59(e). *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

Here, the Commissioner does not explain how any of the bases for relief under Rule 59(e) warrant reconsideration of the Court's July 16, 2012, Memorandum Opinion and Order. Absent such an explanation from the Commissioner, and in the interests of finality and repose, to the extent the Commissioner seeks relief under Rule 59(e), the Commissioner's motion for reconsideration is not well taken.

The Commissioner's motion also may be construed as a motion for relief under Rule 60(b)(1), as his explanation for his failure to respond to Plaintiff's supplemental EAJA application in a timely manner—the erroneous, inadvertent, and mistaken calendaring of the due date—invokes the specific language of that Rule. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Jennings v. Rivers,*

---

[1] A "judgment" under the Rules "includes any order from which an appeal lies." Fed. R. Civ. P. 54.

394 F.3d 850, 855-56 (10th Cir. 2005); *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992); *Butler v. Pearson*, 636 F.2d 526, 529 (D.C. Cir. 1980); cf. *Ky. Ass'n of Elec. Coops., Inc. v. Local Union No. 369, Int'l Bhd. of Elec. Workers, AFL-CIO*, 780 F.2d 1021 (Table), 1985 WL 13967, at *3 (6th Cir. 1985) (declining to consider the appellant's motion for reconsideration as a motion under Rule 60(b) because the motion was labeled only a "Motion for Reconsideration"; the attached proposed judgment recited Federal Rules of Civil Procedure 56 and 59; and the memorandum in support did not explicitly or implicitly cite any of the grounds for a Rule 60(b) order). For the following reasons, however, Rule 60(b)(1) is unavailing.

    Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to be eligible for relief under Rule 60(b)(1), the movant must demonstrate (1) the existence of mistake, inadvertence, surprise, or excusable neglect, and (2) that he has a meritorious defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). Courts have defined "neglect" to include late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control. *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003). Whether "neglect" is excusable involves an equitable determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). Courts

5

have discretion in ruling upon motions under Rule 60(b)(1).  *Douglass v. Pugh*, 287 F.2d 500, 502 (6th Cir. 1961).

Here, the Commissioner has not explained, and the Court does not find, any basis to conclude that counsel's failure to observe a clear deadline set forth in the Court's June 28, 2012, Order was excusable under Rule 60(b)(1).[2]  Although the Court sympathizes with the time constraints of counsel's office, mere carelessness on the part of a moving party does not justify relief under Rule 60(b)(1).[3]  *See Merriweather v. Wilkinson*, 83 F. App'x 62, 63 (6th Cir. 2003); *see also Deo-Agbasi v. Parthenon Grp.*, 229 F.R.D. 348, 352 (D. Mass. 2005) (finding that a paralegal's "workload and carelessness are not adequate to excuse the neglect in this case"); *McDermott v. Lehman*, 594 F. Supp. 1315, 1319 (D. Me. 1984) ("The mere fact that an attorney is

---

[2] Counsel is reminded that briefing on "supplemental" matters is generally limited in scope and, therefore, requires much less time.

[3] No injustice will result from declining to reconsider the Court's prior ruling in light of the Commissioner's response to Plaintiff's supplemental EAJA application.  Although it is Plaintiff's burden to show that his requested attorney's fees are reasonable, Plaintiff provided abundant evidence in support of his EAJA application and the Commissioner's response provides no countervailing evidence.  Further, the Commissioner does not request a hearing.  Finally, the Commissioner's response relies principally on the argument that Plaintiff was required to provide evidence of prevailing billing rates among attorneys who practice Social Security disability benefits law and completely ignores the fact that the OSBA report Plaintiff provided indicates average billing rates for attorneys who primarily practice administrative law, public benefits law, and worker's compensation law on behalf of plaintiffs.  In this Court's experience, the practices of administrative law, public benefits law, and worker's compensation law are similar to the practice of Social Security disability benefits law; and the Court observes that the average rates of attorneys who practice in those areas of law are greater than both the rate Plaintiff initially requested ($180.59 per hour) and the rate this Court granted Plaintiff ($176.95 per hour).  (*See* Pl.'s Ex. 1, Doc. No. 28-1, at 3.)

busy with other matters does not excuse . . . neglect on his part for the purposes of Rule 60(b).").

Finally, Plaintiff's supplemental request for an award of attorney's fees based on 6.25 hours of services rendered by counsel on Plaintiff's opposition to the Commissioner's motion for reconsideration is denied.  At some point, fees in pursuit of fees are not reasonable—and this is such an instance.

### IV.

For the foregoing reasons, the Commissioner's motion for reconsideration is DENIED and Plaintiff's additional request for an award of attorney's fees is DENIED.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  August 1, 2012